UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
Abraham Wertheimer, individually and on behalf of
all others similarly situated;

                 Plaintiff,

        -against-

Equifax Information Services, LLC,
Bank of America, N.A.,
and John Does 1-25.

                 Defendant(s).
-----------------------------------------------------------------------x

Civil Action No:

**CLASS ACTION
COMPLAINT**

**DEMAND FOR JURY
TRIAL**

## **COMPLAINT**

Plaintiff Abraham Wertheimer ("Plaintiff"), a New York state resident, brings this Class
Action Complaint by and through his attorneys, and as and for his Complaint against Defendants
Equifax Information Services, LLC ("Equifax") and Bank of America, N.A. ("BOA"),
individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the
Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except
for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal
knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. Plaintiff is a resident of the State of New York, County of Kings, residing at 695 Bedford Ave, Brooklyn, NY, 11206.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207.

8. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Bank of America, N.A. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in New York c/o CT Corporation, at 28 Liberty Street, Floor 42, New York, NY, 10005.

11. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a.  all individuals with addresses in the New York;

    b.  for whom Bank of America issued a 1099 to a consumer;

    c.  due to the discharge of debt owed by the consumer;

    d.  and Bank of America continued to report a balance to the credit bureaus (defined as but not limited to Experian, Equifax and Trans Union);

    e.  despite this balance no longer being legally owed;

    f.  for which these false balances were being reported on a consumer's credit report within five (5) years prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant Bank of America has been reporting debts that were no longer legally owed, as well as Equifax failure to recognize this information and update it properly upon being made known by consumers.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' reporting of a balance for a debt no longer legally owed by a consumer, and failure to delete timely upon a dispute violate 15 U.S.C. § l692n and §1692o.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff are committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Equifax Dispute and Violation

25. On information and belief, on a date better known to Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding a Bank of America debt.

26. The inaccurate information furnished by Defendant Bank of America and published by Defendant Equifax is inaccurate since a Bank of America debt was being reported with a balance, despite the fact that Bank of America previously discharged this debt, and

provided the Plaintiff with a 1099 as proof of the discharged debt which required the Plaintiff to report this discharged debt as income.

27. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around February 22, 2019 specifically stating in a letter that he was disputing the balance on the account and providing a copy of the 1099 from Bank of America as proof of the discharge of this debt.

29. It is believed and therefore averred that Defendant Equifax notified Defendant Bank of America of Plaintiff's dispute.

30. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Bank of America failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account, including the full balance.

31. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

32. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

33. As of the date of the filing of the filing of this Complaint, Defendant Bank of America continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

34. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

35. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Equifax)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

38. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

39. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Abraham Wertheimer, individually and on behalf of himself and all others similarly situated, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

45. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

46. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

47. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

48. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

49. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Abraham Wertheimer, individually and on behalf of himself and all others similarly situated, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Bank of America)**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

51. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

52. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

53. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

54. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

55. The Plaintiff dispute clearly stated his dispute and evidence to support his claim was provided.

56. The Defendant Bank of America violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

57. Specifically, the Defendant Bank of America continued to report this account on the Plaintiff's credit report after being notified of his dispute regarding the account balance, and being provided with the proof of the discharge of debt.

58. As a result of the conduct, action and inaction of the Defendant Bank of America, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit

from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

59. The conduct, action and inaction of Defendant Bank of America was willful, rendering Defendant Bank of America liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Wolf Stein, individually and on behalf of all others similarly situated, demands judgment in his favor against Defendant, Bank of America, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Bank of America)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

62. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

63. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

64. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

65. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

66. Defendant Bank of America is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

67. After receiving the Dispute Notice from Equifax, Defendant Bank of America negligently failed to conduct its reinvestigation in good faith.

68. A reasonable investigation would require a furnisher such as Defendant Bank of America to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

69. The conduct, action and inaction of Defendant Bank of America was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

70. As a result of the conduct, action and inaction of the Defendant Bank of America, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Bank of America in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Abraham Wertheimer, individually and on behalf of all others similarly situated, demands judgment in his favor against Defendant, Bank of America, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

72. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Abraham Wertheimer, individually and on behalf of all others similarly situated, demands judgment from Defendants Equifax and Bank of America as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Dov Mittelman, Esq. as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  April 11, 2019

/s/ Dov Mittelman
**Stein Saks, PLLC**
By:  Dov Mittelman
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501